### FULLER & a. *v.* LEET.

A sale of spirituous liquors, to be forwarded to the purchaser in this state
by railroad, made by a licensed dealer in Boston, upon an order taken
in this state by an agent having no authority to make sales, is a sale
in Massachusetts; and a note given after the enactment of *c.* 33, Laws
of 1876 (G. L., *c.* 109, *s.* 18), for the price of such liquors legally sold
before the passage of that act, is valid.

ASSUMPSIT, to recover the amount of a promissory note dated
September 29, 1877, given for liquors bought February 24, 1876.
Facts agreed. The order for the liquors was taken at Claremont,
N. H., by an agent of the plaintiffs', transmitted to the plaintiffs at
Boston, and accepted by them. The agent was authorized to re-
ceive such orders, but was not authorized to make sales. The
liquors, marked with the defendant's name and residence, were sent
to the railroad station in Boston by the plaintiffs, the cartage, ac-
cording to previous custom of the parties, being paid by the plain-
tiffs and charged in the bill to the defendant, and the plaintiffs had
nothing more to do with the liquors after they were deposited at
the railroad station in Boston. The plaintiffs were licensed to sell
spirituous liquors in Massachusetts.

*Colby*, for the plaintiffs.

*Parker*, for the defendant.

CLARK, J. It has been held, in numerous cases, that when an
order is given in this state for the purchase of spirituous liquors to
be delivered in another state, the place of delivery is to be regarded
as the place of sale; and if such sale is valid by the laws of the
place of delivery, an action may be maintained here to recover the
price of such liquors, notwithstanding the sale is prohibited by the
laws of this state. *Boothby* v. *Plaisted*, 51 N. H. 436; *Garland*
v. *Lane*, 46 N. H. 245; *Banchor* v. *Warren*, 33 N. H. 183; *Wool-
sey* v. *Bailey*, 27 N. H. 217. It has also been decided that the act
of soliciting and receiving such orders in this state, for the pur-
chase of liquors to be delivered in another state, previous to the

statute of July 18, 1876 (Laws of 1876, *c*. 33), prohibiting the taking of such orders, did not invalidate the sale, although the seller knew, or had reason to believe, that the purchaser was intending to sell the liquors in violation of the laws of this state.   *Corning* v. *Abbott*, 54 N. H. 469;  *Hill* v. *Spear*, 50 N. H. 253.   Upon the authority of these cases, the plaintiffs are entitled to judgment.   The sale of the liquors under license in Massachusetts was valid, and the consideration of the ·note was legal.   The act of July 18, 1876, cannot affect orders solicited or sales made prior to its enactment. *Rich* v. *Flanders*, 39 N. H. 304.

*Judgment for the plaintiffs.*

ALLEN, J., did not sit:  the others concurred.